CRUIKSHANK *vs.* BROUWER, Receiver of the Croton Insurance Company.

The Croton Insurance Company was incorporated in April, 1843, commenced business in July, 1844, and continued until May 15, 1846, when it became insolvent.   On the 20th of June, 1844, the plaintiff in error gave his note to the company for $5000, payable in one year, as a premium note, given in advance, in conformity with the 12th section of the charter of the company, and upon which note, or the balance thereof over the amount he should pay to the company for premiums earned, he was to receive five per cent per annum.   He effected insurance with the company, and the premiums on the amount of insurance so effected, having been paid by him, were deducted from the face of the note; but he opposed the recovery of the balance, on the ground that the note was void for want of consideration. *Held*, that the note was valid, and that the receiver of the company was entitled to recover the balance due thereon.

THIS case came before the supreme court, on a writ of error to the superior court of the city of New-York.   The defendant in error, John Brouwer, the receiver duly appointed of the prop-

erty &c. of the Croton Insurance Company in the city of New-York, brought an action of assumpsit in the superior court, against Cruikshank, the plaintiff in error, on a promissory note made by the latter to the Croton Insurance Company, for $5000. The defendant pleaded the general issue. On the trial, the note declared on was proved as follows :

" $5000. New-York, 20 June, 1844.

One year after date I promise to pay to the order of the Croton Ins. Co. $5000, value received. JAMES CRUIKSHANK."

The appointment of the plaintiff as receiver, and the charter of the Croton Insurance Company were also proved. The defendant then proved a receipt in the following words :

" Office of the Croton Ins. Co.

New-York, 15 July, 1844.

The Croton Ins. Co: has received from James Cruikshank his note dated 20 June, 1844, payable one year after date, for $5000 dollars, for which he is to receive 5 per cent per annum, it being a premium note given the said company in advance, and in conformity with the provisions of the 12th section of its charter."

Which receipt was signed by the president and secretary of said company.

It was also proved that no pecuniary consideration was given for the note, nor any other consideration than that expressed, or referred to in the receipt. That the defendant effected insurance with the company, and insisted on his right to apply the premiums on the note, which was refused by the company ; and he was required to pay such premiums in cash, or short paper, which was paid at maturity. The defendant also offered to prove that when the note was given, it was agreed between the president of the company and the defendant, that it should be surrendered to him at the end of the year ; and that he should only be liable on his note, for his proportion of losses sustained by the company, during the time the note had to run. The plaintiff objected to the introduction of such evidence, and the court sustained the objection. It was further proved, that no interest or compensation was ever paid the defendant on the note ; that

the note, before its maturity, had been deposited by the company in their bank for collection, but was withdrawn before due.

The plaintiff proved a resolution of the company, passed 8th October, 1844, authorizing the payment of five per cent, according to the 12th section of the charter, on premium notes given in advance. An entry on the first page of the journal of the company was also proved, of sixteen notes of $5000 each, including the one in suit, as premium notes, for which the respective signers were to receive a compensation of five per cent per annum, as authorized by the 12th section of the charter, and a resolution of the board of trustees.

An entry in the ledger, dated 2d October, 1844, of the same notes and two others, as " stock notes," was proved. The plaintiff also proved, that in conformity with the by-laws of the company, monthly statements of its affairs were laid before the trustees ; that in those statements the defendant's note was described, sometimes as a premium note, in advance, sometimes as a subscription or stock note ; and these statements were not objected to. That an annual statement of the affairs of the company, dated January 27, 1846, to which the name of the defendant as one of the trustees was appended, was made out and published, in which his note was included among the premium notes in advance ; the defendant was not, however, present at the meeting when the statement was laid before the trustees. The plaintiff also proved that the Croton Insurance Company commenced transacting business in July, 1844, issued policies of insurance to an extent exceeding $5,000,000, and continued business until May 15, 1846, when it became insolvent. That the unpaid losses claimed exceeded $300,000, and its assets of all kinds, including the defendant's note, amounted to between $200,000 and $225,000 ; that there were unpaid losses, accruing before the maturity of the defendant's note, and policies of insurance issued before that period, still outstanding.

The defendant insisted that the note was given without consideration, for special purposes which had not occurred, so as to call for the sale thereof, and that as now held by the plaintiff, it was inoperative and void. The judge charged the jury, that

Cruikshank *v.* Brouwer.

if the note was given by the defendant in the manner and under the evidence stated in the case, it was operative and valid in the hands of the plaintiff, as against the defendant; and that the objections taken by the defendant were not sufficient, in law, to bar the plaintiff's action. The defendant's counsel excepted to the charge. The jury found a verdict for the plaintiff for the amount of the note and interest, deducting the amount of premiums which the defendant had paid to the company.

The bill of exceptions was argued before the superior court, and judgment rendered on the verdict in favor of the plaintiff. Upon that judgment the defendant brought his writ of error to the supreme court.

*By the Court,* KING, J.   The plaintiff in error, on the 20th of June, 1844, gave his note to the Croton Insurance Company for $5000, payable in one year, as a premium note given in advance, in conformity with the 12th section of the charter of the company, and upon which note, or the balance thereof over the amount he should pay to the company for premiums earned, he was to receive 5 per cent per annum. After the giving of the note, and in July, 1844, the company commenced business, and continued to transact business until May, 1846, when it became insolvent. The defendant effected insurance with the company, and the premiums on the amount of insurance so effected having been paid by him to the company, have been deducted from the face of the note; he now opposes the recovery of the balance, on the ground that the note was void for want of consideration.

The Croton Insurance Company was incorporated in April, 1843, (*Sess. L. of* 1843, *p.* 66,) and the provisions contained in the charter of the Atlantic Mutual Insurance Company, (*Id. of* 1842, *p.* 261,) are made applicable to the Croton Insurance Company, excepting certain provisions not affecting the present question. The case of *Deraismes and others* v. *The Merch. Mu. Insurance Company,* (1 *Comst.* 371,) does not appear to vary, in any essential particular, from the one now before us. In that case the maker of a note given for premiums in advance under the provisions of a charter similar to that of the Croton Insur-

ance Company, was held liable, upon the insolvency of the company, to pay the full amount of his note, less such part thereof as he had paid the company in cash, for premiums earned; and, in accordance with the decision of the court of appeals in that case, the judgment of the superior court, in this action, must be affirmed.

(*a*) See the case of *Brouwer, receiver of the Croton Insurance Campany,* v. *Crooke and Fowks,* (4 *Comst.* 51,) to the same effect.